**In re COLLEGE CHEMISTS, Inc.**

**DILLER v. IRVING TRUST CO.**

No. 217.

Circuit Court of Appeals, Second Circuit.

Feb. 6, 1933.

Joseph G. M. Browne, of Brooklyn, for appellant.

Krause, Hirsch & Levin, of New York City (George J. Hirsch, of New York City, on the brief), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

Diller, the sole shareholder of the bankrupt, sold all the shares to one Weiner, who gave her a chattel mortgage on all its assets to secure his payments of the purchase price, which was much greater than their value. The trustee attacks the transaction as beyond the corporate powers and as a fraudulent conveyance. It is not necessary for us to say anything upon the first point, because the mortgage was clearly within section 274 of the Debtor and Creditor Law of New York (Consol. Laws N. Y. c. 12). The property remaining in the bankrupt's hands was "an unreasonably small capital"; indeed there was no capital at all, because Weiner's debt was more than its value. There was indeed a consideration to support the contract as between Diller and Weiner, Diller's transfer of the shares to him; but this was not a "fair consideration" under section 272. The consideration must be "in exchange" for the property conveyed. The bankrupt did not, and of course could not, receive its own shares in exchange for its property. The shares passed to Weiner, and the result of the transaction was merely to give back to Diller the whole capital of the corporation, allowing Weiner to carry on the business on an expectancy of profit.

Order affirmed.