**In the matter of TULLER'S, INC., Bankrupt.**

**Jules TEITELBAUM, Trustee, Petitioner-Appellee,**

v.

**Jane T. VOSS, Individually, and as Executrix of the Estate of Herman T. Voss, Deceased, Respondent-Appellant.**

**No. 681, Docket 72-2044.**

United States Court of Appeals, Second Circuit.

Argued April 5, 1973.

Decided May 10, 1973.

Sheldon Lowe, New York City, for respondent-appellant.

Richard Braverman, New York City, for petitioner-appellee.

Before HAYS, ANDERSON and OAKES, Circuit Judges.

ROBERT P. ANDERSON, Circuit Judge:

This is an appeal from a Referee's order, affirmed by the district court, directing Jane Voss to turn over to the trustee of the bankrupt, Tuller's, Inc., $17,000, and vacating the security interest she holds in its property. We affirm.

In February 1967, Mrs. Voss transferred all the capital stock of the bankrupt, a retail drugstore in Peekskill, New York, to Oscar Kelman, Stanley Lenchner and Herbert Salzman (the Purchasers). She also assigned to them a claim for $8430.78 which she held against the corporation, and assumed the payment of a $3,000 debt owed by the corporation to the National Bank of Westchester.[1] In return, Mrs. Voss received $30,000 in cash from the Purchasers, and $60,000 in notes payable by the corporation and secured by a mortgage on all of its fixtures, equipment, sup-

---

1. Mrs. Voss also claims that as part of this deal her father, Harry Tuller, released the corporation from a $27,000 debt it owed to him. At the hearing before the Referee she attempted to prove this by introducing into evidence an unsigned, undated, unconformed copy of a document purporting to effect such a release. However, the Referee held, and we agree that, "There is no evidence that Harry Tuller ever had any claim against the bankrupt, that said claim was bona fide and not in fact a capital contribution to an undercapitalized corporation, or that said claim had any value or was even outstanding at the time."

plies, sundries and inventory, then owned or thereafter acquired.

At the time the Purchasers took over the operation of the drugstore its assets consisted of inventory, fixtures and good will. All parties agree that the value of the inventory, at cost, was $70,000.[2] Appellant would like to have some unspecified value assigned to the fixtures but, the Referee, on sufficient evidence found that they were valueless and that the new owners could not use them and had to replace them almost immediately, and pay for their removal. Appellant also asserts that the Referee erred by failing to place any value on the store's good will. Because the proper valuation of this item is irrelevant to our decision, we do not consider the Referee's ruling on this issue.

The corporation's liabilities at that time included the notes held by Mrs. Voss ($60,000), accounts payable ($10,158.92), the claim which Mrs. Voss assigned to the Purchasers ($8430.78), the bank loan which she agreed to pay ($3,000), and miscellaneous obligations ($2329.24), in the total amount of $83,918.94.

On January 9, 1969 an involuntary petition in bankruptcy was filed against Tuller's, and it was adjudicated a bankrupt on January 23. Prior to this, the corporation paid Mrs. Voss $17,000 on the notes. After the adjudication, the trustee commenced this action seeking an order vacating Mrs. Voss' security interest in the property of the bankrupt and directing her to turn over the $17,000 she had received. The trustee, relying upon his status under § 70(e) of the Bankruptcy Act, alleged that the original agreement and subsequent payments were fraudulent conveyances under § 270 et seq., of the New York Debtor and Creditor Law, McKinney's Consol.Laws, c. 12.

The Referee, on the bases of the following three conclusions of law, granted the relief sought by the trustee: (1) the transaction between appellant and the Purchasers rendered Tuller's insolvent and the notes and security interest were conveyed without a fair consideration, thereby violating § 273 of the New York Debtor and Creditor Law; (2) after the transaction, Tuller's was left with unreasonably small capital and the conveyance occurred without fair consideration, thereby violating § 274 of the New York Debtor and Creditor Law; and (3) under general principles of corporate law, a person who sells a corporation's stock under an agreement which provides for the corporation itself actually to pay for the stock is liable to creditors for any payments he receives from the corporation. The district court summarily affirmed on all three grounds. We find it unnecessary to rule upon the first or third points because the transaction was certainly violative of § 274. See In re College Chemists, Inc., 62 F.2d 1058 (2 Cir. 1933).

Contrary to appellant's assertion, § 274 requires but two conditions for finding a conveyance to be fraudulent: (1) that it was made without fair consideration, and (2) that it left the corporation with unreasonably small capital.[3] Mrs.

---

2. The Purchasers began operating the store two weeks before the actual transfer of the stock and notes. Thus, at the time they actually took over its ownership, the store's inventory was worth $6,000 less, but its bank account held a like amount, which went to the new owners.

3. This statute provides, "Every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to his actual intent." N.Y.Debtor & Creditor Law § 274 (McKinney's 1945). Fair consideration is defined as being given, "a. When in exchange for . . .

Voss insists that she tendered fair consideration for the security interest and notes she received from the corporation, but the record shows that this was not so. All she gave the corporation was a promise to pay, when due, its $3,000 bank debt; in return, she received from the corporation its promise to pay her $60,000 and a security interest in all of its property. Clearly, the assumption of a $3,000 debt is not the "fair equivalent" of $60,000 in secured notes.[4]

Appellant, properly, does not even challenge the Referee's finding that her transaction with the Purchasers left the drugstore with unreasonably small capital. The corporation was left with all of its tangible assets mortgaged. It was effectively devoid of capital when the Purchasers assumed its operation. Compare, In re College Chemists, Inc., *supra*.

Mrs. Voss's final argument, never advanced below, is that she is entitled to the protection of § 278 of the New York Debtor and Creditor Law.[5] However, this statute protects only good faith *purchasers*; Mrs. Voss was a seller.

The judgment of the district court is affirmed.

---

property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or b. When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained." N.Y.Debtor & Creditor Law § 272 (McKinney's 1945).

4. Even if Harry Tuller's purported release is treated as consideration paid to the corporation, there was not a fair consideration, because the corporation would have obligated itself to pay $60,000 in return for having been released from $30,000 in existing obligations, which is hardly a "fair equivalent."

5. This statute provides:

"1. Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of purchase, or one who has derived title immediately or mediately from such a purchaser.

"a. Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or

"b. Disregard the conveyance and attach or levy execution upon the property conveyed.

"2. A purchaser who without actual fraudulent intent has given less than a fair consideration for the conveyance or obligation, may retain the property or obligation as security for repayment." N.Y.Debtor & Creditor Law § 278 (McKinney's 1945).